# 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SCOTT WILLIAM HESS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:13-190 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Respondent. | § | |

## ORDER

On October 9, 2013, Petitioner Scott William Hess filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. No. 1.[1]

The Court hereby **ORDERS** that, no later than December 16, 2013, the State of Texas shall file the entire state record in chronological order, without duplication, including any and all records relating to Hess's trial, direct appeals, and state post-conviction proceedings. Each page of the record shall be Bates numbered. If the record exceeds 25 pages, the State of Texas shall file a printed courtesy copy with the District Clerk's Office.

Furthermore, it is **ORDERED** that the State of Texas shall respond to Hess's Petition no later than December 16, 2013. The response shall cite the record using the Bates number.

DONE at Brownsville, Texas, on October 16, 2013.

Ronald G. Morgan
United States Magistrate Judge

---

[1] The petition was docketed in this Court on October 11, 2013. Dkt. No. 1. However, pro se petitioner filings are deemed filed on the date they are delivered to prison officials for mailing. Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011).

1



3 0



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

April 4, 2014

**VIA REGULAR MAIL**
Scott William Hess
TDCJ-CID #1841004
Garza Unit
4304 Hwy 202
Beeville, Texas 78102

Re:    *Scott William Hess v. William Stephens, Director*
       Civil Action No. 1:13-cv-190

Dear Mr. Hess:

Enclosed is a courtesy copy of Respondent Stephens's Motion for Summary Judgment with Brief in Support which was filed electronically pursuant to Local Rule CV-5(a)(3)(c).

Sincerely,


s/ Jon R. Meador
JON R. MEADOR
Assistant Attorney General
Criminal Appeals Division
(512) 936-1400


JRM/ga
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SCOTT WILLIAM HESS, | § | |
| TDCJ-CID No. 1841004, | § | |
| Petitioner | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-CV-190 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT STEPHENS'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Petitioner, Geoffrey Scott William Hess, pleaded guilty to two counts of indecency with a child and was sentenced to ten-years' imprisonment. Hess challenges the constitutionality of those judgments in ten grounds. Because there is no genuine issue of material fact, this Court should grant the Respondent's motion for summary judgment and dismiss Hess's petition with prejudice.

### JURISDICTION

Hess's judgments arise out of Cameron County, Texas, within the jurisdiction of this Court. *See* 28 U.S.C. §§ 2241(d), 2254(a) (West 2014).[1]

---

[1] The Director notes that Hess filed what appears to be a motion to transfer his petition to the Houston Division due to some "problems in correspondence with the U.S. District Court" and court clerk, who apparently failed to acknowledge

## PETITIONER'S ALLEGATIONS

Hess acknowledges that most of his claims were not adjudicated in state court. In his federal petition, he notes that his grounds two, three, four, and five were sent to the state-habeas trial court as an "amendment." Fed. Pet. at 8; *see also* Letter to Judge Andrew S. Hanen filemarked November 14, 2013 (Letter No. 1) at 1; ECF No. 10. Later, though, he notes that the state-habeas trial court reached a decision before it received his supplemental state-habeas application. *See* Letter to Judge Andrew S. Hanen filemarked December 9, 2013 (Letter No. 2) at 1; ECF No. 11. In Letter No. 1, Hess also asks the Court to allow him to add "grounds 6-14." *See* Letter No. 1 at 2. All total, the Respondent, the Director of the Texas Department of Criminal Justice—Correctional Institutions Division

---

some of his correspondence. *See* Motion to Transfer (Motion) at 1-2; ECF No. 17. Hess complains about "some 'strange goings on" in the state-habeas trial court, 197th Judicial District Court, and the Court of Criminal Appeals, about another habeas petition he filed in Corpus Christi, about his ongoing mental condition, about not getting records, and about the possible collusion between the Honorable Migdalia Lopez and the Honorable Ronald G. Morgan, who is apparently trying to help Judge Lopez because he knows her. *See id.* at 1-6. First, jurisdiction is proper where Hess is housed or where the judgment originated. *See* 28 U.S.C. § 2241(d) (West 2014); *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991) (discussing 28 U.S.C. § 2241(d)). Second, Hess is not entitled to the records. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976). Third, as for his Corpus Christi petition, the Honorable Hilda Tagle ordered that petition, cause number 1:14-CV-15, which was transferred out of Corpus Christi, cause number 2:13-CV-411, consolidated with this cause number. So, Hess's concern about the Corpus Christi petition has been resolved. The Director notes, however, that there is nothing Hess's petition. *See* No. 1:14-CV-15, ECF No. 1; No. 2:13-CV-411, ECF No. 1. So, there are no additional issues to be joined in this cause number.

(TDCJ-CID) understands Hess to raise the following grounds for relief in his federal petition:

1.   His plea was involuntary because his attorney, Louis S. Sorola, lead him to believe that if he made an open plea he would receive probation;

2.   the trial court judge, the Honorable Migdalia Lopez, considered his criminal history in determining punishment;

3.   Sorola was ineffective in failing to have Hess's competency evaluated;

4.   he was incompetent at the time of his plea;

5.   the denial of counsel during the ten days following his arrest denied him the opportunity to have his competency evaluated;

6.   his conviction was unlawful due to his mental illness;

7.   while he had a psychiatric evaluation, it was untimely and too brief;

8.   his rights as a mental patient were violated;

9.   there was no competency hearing;

10.   the indictment was deficient;

11.   the sentence was excessive;

12.   his first appointed attorney, "'Mr. Galarza'" failed to show up three times for court;

3

13.    he was the victim of "'official oppression'" when the State told the

trial court at Hess's bond hearing that he had a robbery conviction;

and,

14.    he was "insufficiently questioned" by Brownsville police.

Fed. Pet. at 6-7, 11-18; Letter No. 3-10.[2]

The Director believes Hess's second through fourteenth grounds for relief are procedurally defaulted, as argued below. The Director, though, in addition to addressing Hess's first ground on the merits will also address his second through his fifth grounds since those additional four grounds must either be unexhausted and procedurally defaulted or exhausted and denied on the merits. Grounds six through fourteen are clearly new claims raised for the first time in his federal petition. The Director will not address those claims in the alternative. Regardless, as argued in more detail below, since a federal court review of a state court judgment after a guilty plea is very circumspect, a resolution that Hess's plea was knowing and voluntary will resolve every one of his claims.

---

[2]  The Director will refer to Hess's form petition as "Fed. Pet" and refer to the page numbers assigned by the ECF system. *See* ECF No. 1. "SHCR" will refer to the pleadings and papers filed in the state habeas trial court. *See generally Ex parte Hess*, Application No. 80,585.

## GENERAL DENIAL

The Director denies all of Hess's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

On June 20, 2012, Hess was charged with two counts of indecent exposure.  SHCR at 30 (Case Summary sheet), 34 (indictment).  Judge Lopez ordered a psychiatric examination on September 4, 2012.  SHCR at 31.  On September 14, 2012, Hess pleaded guilty, and Judge Lopez ordered a pre-sentence investigation setting the punishment hearing for October 10, 2012.  *Id.* at 31, 36-48 (plea papers and attachments).  Judge Lopez then sentenced Hess to ten-years' imprisonment in the TDCJ-CID.  *Id.* at 49-51.

Hess filed an application for a state writ of habeas corpus on August 26, 2012.  SHCR at 12.  The Court of Criminal Appeals denied his application on February 5, 2014.  *Id.* at 2.  Hess's federal petition was filed on October 11, 2013, before the Court of Criminal Appeals denied relief.  *See* Order at 1; ECF No. 5 n.1.

## RECORDS

Copies of Hess' state-writ record was forwarded to this Court under separate cover.  A copy of the state-court records will not be forwarded to Hess.  An indigent inmate is not entitled to receive a free copy of his trial

5

records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973).

## RULE 5 STATEMENT

The Director believes that Hess has not exhausted his state court remedies. The petition is not barred by limitations, 28 U.S.C. § 2244(d), or subject to the successive petition bar, 28 U.S.C. § 2244(b). The Director reserves the right to raise exhaustion/procedural default, however, should Hess contend that he raised more than the issues listed above, or should he amend his petition with additional issues, other than those stated herein.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

**I.    AEDPA Summary Judgment Standard of Review.**

Hess's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA). "Summary judgment in federal habeas is different than in the average civil case." *Torres v. Thaler*, 395 Fed. App'x. 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004)). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas

corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). But the Federal Rules of Civil Procedure apply to habeas cases only to the extent they are consistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Ordinarily, the burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *See Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In federal habeas summary judgment practice, though, the movant, according to the Fifth Circuit, does not assume a burden concerning the factual findings:

> [Section] 2254(e)(1) – which mandates that findings of fact made by a state court are 'presumed to be correct' – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state court's findings of fact, they must be accepted as correct.

*Smith*, 311 F.3d at 668.

Pleadings by a pro se litigant are reviewed under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pleadings filed by a pro se litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521. Nevertheless, "the notice

7

afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a pro se party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion) ("Although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment.").

## II.   AEDPA Exhaustion and Procedural Default

AEDPA requires the exhaustion of a claim in state court before a federal court may consider the claim. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). Nevertheless, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

First, Hess claims that he sent a supplement to the state-habeas trial court, Judge Lopez, and that she received it after she issued findings

of fact and conclusions of law.  *See* Letter No. 2 at 1; *see also id.* at 2 ("I
wouldn't put it past this judge, or her court, to do something unscrupulous
— like 'fudge' the date on their decision so that my (very timely)
supplements would not be recognized. I just don't believe that they were
able to make their determination so 'dang' fast!").  Hess's suspicion,
namely, that the state-habeas trial court received his supplements after it
issued findings, is true – but only partially so.

The state-habeas record indicates that Hess filed his state-habeas
application on August 26, 2013.  SHCR at 12.  He filed a supplement on
September 6, 2013 seeking to add one additional citation in support of his
claim that Sorola was ineffective.  SHCR at 14-15 (citing one additional
case *Ex parte Moody*, 991 S.W.2d 856 (Tex. Crim. App. 1999)).  Eleven
days later, Judge Lopez filed findings of fact and conclusions of law
(Findings and Conclusions) recommending that relief be denied.  SHCR at
16-21, 32 (docket entry).  There are no additional supplements appearing
in the state-habeas record.  *See* SHCR at 1-56.  That the state-habeas trial
court received one of his supplements and not the other or others
undermines Hess's argument that there were in fact other supplements.
Grounds two through five are unexhausted.

As for grounds six through fourteen, it is clear that Hess has raised these for the first time in his federal petition. *See* Letter No. 1 at 2. There was no attempt to exhaust those claims in state court.

Grounds two through fourteen are procedurally defaulted under the abuse-of-the-writ doctrine. If Hess now tried to return to state court to raise the allegations in a successive habeas application, the Court of Criminal Appeals would refuse to review the merits based on the existence of an independent and adequate state procedural bar. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (barring successive state habeas applications absent a showing of cause or actual innocence). The Fifth Circuit has consistently found unexhausted claims, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, procedurally barred. *See Ogan v. Cockrell*, 297 F.3d 349, 358 n.6 (5th Cir. 2002); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam) (dismissal is independent and adequate state bar).

Hess could overcome the default if he could show (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that the failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1999). The existence of "cause" ordinarily turns on some objective factor external to the petitioner. *Id.* at 753 (citing *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986)).   Examples of external impediments include government interference or the reasonable unavailability of the factual or legal basis for the claim.  *Id.* (citing *Murray*, 477 U.S. at 492). Attorney error that meets the *Strickland* standards for ineffectiveness constitutes cause for the default.  *Id.* at 753.   Additionally, Hess would have to show prejudice to overcome procedural default even where the underlying constitutional claim does not require a showing of prejudice. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).   A petitioner who can show that his conviction constitutes a "fundamental miscarriage of justice" can meet the cause and prejudice.  *Murray*, 477 U.S. at 495-96 (citing *Engle v. Isaac*, 466 U.S. 107, 135 (1982)). The fundamental miscarriage of justice exception to the rule is reserved for those cases "'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'"  *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To show that he is actually innocent, Hess must provide "new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  "Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another,

trustworthy eyewitness accounts, and certain physical evidence." *Id.* (citing *Schlup*, 513 U.S. at 324 and *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)).

Here, Hess has not presented any new evidence that he was actually innocent. In fact, he never claims to be innocent and the police reports clearly indicate that he was not. *See* SHCR at 41-48 (one witness knew Hess). Hess's only chance at overcoming the default would be to show that his attorney was ineffective, a claim that Director will address below.

## III.   AEDPA Merits Standard of Review.

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court, (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Richter*, 131 S. Ct. at 786

12

(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion").

Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, and not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc). And, even where the state court fails to cite to applicable Supreme Court precedent or is unaware of such precedent, AEDPA's deferential standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 131 S. Ct. at 786. If the Supreme Court has not "broken sufficient legal ground to establish [a] . . . constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar" under either the contrary to or unreasonable application standard. *Williams*, 529 U.S. at 381.

AEDPA also provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing

13

evidence." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). And except for the narrow exceptions contained in § 2254(e)(2), the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court. Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would be of no avail to a habeas petitioner. 28 U.S.C. § 2254(d)(2).

Finally, where a habeas petitioner has failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary hearing

14

in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *Williams*, 529 U.S. at 436. For example, a petitioner's failure to present controverted, previously unresolved factual issues to the state court is sufficient to constitute "failure" under the plain meaning of § 2254(e)(2). *Id.* at 433. But even if the petitioner can meet the foregoing standard, it is within this Court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

IV.   **Hess's Plea Was Knowing and Voluntary.**

    A.   **The Record Shows that Hess's Plea Was Knowing and Voluntary.**

In reviewing a guilty plea, there are only two issues: (1) was the plea counseled and (2) was the plea voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989). Any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) ("[A] plea of guilty is more than a confession of having acted culpably, it is itself a conviction."). Once a criminal defendant has entered a guilty plea, all non-jurisdictional

defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Further, "[a] federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

With respect to the guilty plea, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant understand the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73F.3d 591, 592 n.2 (5th Cir. 1996). Accordingly, when "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." *Diaz*, 718 F.2d at 1376-77. Furthermore, "as long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)). If the record shows the defendant "understood the charge and its consequences," and still voluntarily chose to plead guilty, the plea should be upheld on federal review even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987); *Bonavillain v.*

16

*Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.  *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  In assessing whether a defendant's plea is valid, courts should look at "all of the relevant circumstances surrounding it," including whether there is evidence of guilt. *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970)).  Evidence of guilt is not required before validating a guilty plea but is indicative of whether the plea is knowing and voluntary.  *See id.* at 749 n.16.

Here, the plea papers show that Hess knew the terms of the agreement and understood the consequences of his actions.  *See* SHCR at 31-35.  The plea papers also include the police reports clearly establishing Hess's guilty.  *See id.* at 41-48.  Hess knew that he was entering a "cold plea"[3] and that he could be sentenced to ten years' imprisonment.  *See id.*

---

[3]  *See Ramirez v. State*, 89 S.W.3d 222, 226 (Tex. App.—Corpus Christi 2002, no pet.) ("cold plea" is an "open plea").

at 37.  There is no doubt that he knew that entering an open plea was a gamble.  In fact, Hess premises his claim against Sorola on this gamble.

### B.     Sorola Was Not Ineffective.

Hess believes that Sorola led him to believe that he would get probation if he entered an open or "cold plea." Fed. Pet. at 6.

In the context of a guilty plea, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). "[H]abeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Id.* "The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered." *Id.* at at 742.

Under *Strickland,* a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  A reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice. *Id.* at 697.  Moreover, the defendant may not

18

simply allege, but must "affirmatively prove" prejudice. *Id.* at 693. Under *Hill*, a defendant who pleads guilty can satisfy the "prejudice prong" of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. 474 U.S. at 59.

First, the Director notes again that this appears to be the only issue Hess raised in state court. His claim in federal court, though, is different. Hess argues in his federal petition that Sorola led him to believe that he would receive probation. *See* Fed. Pet. at 6, 11-12. His claim in state court, though, was that Sorola told him that he had a "good chance of receiving 'probation'" and that the appeal would serve as a "'safety net'" if he did not get probation. *See* SHCR at 11. There is no indication that Hess has re-asserted the "safety net" argument and has made his mental health issues, the failure to order a "MSO," a "mental health status" report of some kind, the main thrust of his federal petition. *See* Fed. Pet. at 6-7, 11-18. But to the extent that Hess is now attempting to argue that Sorola promised him probation, the claim is unexhausted and defaulted. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (quoting *Picard v. Conner*, 404 U.S. 270, 278 (1971) for proposition that federal claim must be "substantial equivalent" of state court claim); *Fearance*, 56 F.3d at 642.

Second, the Director will operate on the assumption that Hess intended no substantive change in his federal petition. The only issue the

state-habeas trial court addressed is the one issue Hess raised in state

court related to Sorola's advice about probation and the appeal. *See*

SHCR at 17. Judge Lopez said:

> Contrary to his contention on collateral attack, Applicant has
> failed to allege facts which, if true, would entitle him to the
> relief he requests. The record shows that Applicant was fully
> aware of the possibility that he could receive prison time for
> the offenses he committed, and he voluntarily choose to refuse
> a plea deal with the State in hopes of obtaining a probated
> sentence from this Court. Under these circumstances, it
> cannot be said that Applicant would have insisted on going to
> trial had plea counsel filed a timely notice of appeal – a course
> of action that was contingent on this Court assessing
> punishment at 10 years' imprisonment. Therefore, even if it
> were true that Applicant's plea attorney assured him that a
> timely appeal would be taken from this Court's assessment of
> punishment at 10 years' imprisonment, that fact would not
> render Applicant's plea involuntary; rather, it could entitle
> him to an out-of-time appeal – a remedy he does not request in
> his application for writ of habeas corpus.

SHCR at 19. Judge Lopez's determinations are to be given additional

deference. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Amos*

*v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995); *James v. Collins*, 987 F.2d 1116,

1122 (5th Cir. 1993).

Hess has done nothing to undermine Judge Lopez's recommendation

– especially her finding related to Hess's "safety net" claim since he has

abandoned that argument and decided to raise new claims focusing on his

mental health. That he alleged in his state habeas application that Sorola

told him that he had a "good chance" at receiving probation is another

20

indication that he knew he was running the risk of receiving a jail sentence. A prediction that one might receive probation does not establish ineffectiveness. *See Daniel v. Cockrell*, 283 F.3d at 703 (guilty plea not rendered involuntary by defendant's subjective understanding that he would receive a lesser sentence, even when defendant's misunderstanding based on defense counsel's inaccurate prediction); *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) (defendant's reliance upon counsel's erroneous prediction regarding probable length of sentence does not render a defendant's guilty plea involuntary or unknowing where defendant was properly advised regarding maximum length of sentence possible under applicable law). In short, Hess has failed to show that Sorola's representation was ineffective.

## V.   Hess's Remaining Grounds Are Without Merit.

As for Hess's claims concerning the use of his "arrest history" during the punishment phase of trial, ground two, the claim is clearly without merit since evidence of prior criminal history is admissible during punishment. *See* Tex. Code Crim. Proc. art. 37.07 § 3 (West 2012).

Last, as for Hess's mental-health history, grounds three through five, the docket sheet, as indicated above, showed an entry by Judge Lopez on September 4, 2012 entitled "Psychiatric Evaluation." *See* SHCR at 31. While the record does not contain the findings, that there was some

inquiry into Hess's mental status supports the finding that he was competent to stand trial. The state courts' express or implied findings that Hess was mentally competent to stand trial and that his guilty plea was knowing and voluntary is entitled to the presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1); *Patterson v. Dretke*, 370 F.3d 480, 484 (5th Cir. 2004); *Roberts v. Dretke*, 356 F.3d 632, 639 (5th Cir. 2004).

In short, Hess's plea was counseled, voluntary and knowing. His claims are without merit. There are no genuine issues of material fact, and the Director is entitled to summary judgment as a matter of law.

## CONCLUSION

Hess has failed to show that the state-courts' adjudication on the merits was contrary to, or involved an unreasonable application of, Supreme Court precedent or that their determination was the product of an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The Director is entitled to summary judgment as a matter of law.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
   for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Jon R. Meador
JON R. MEADOR*
Assistant Attorney General
State Bar No. 24039051
Southern District Bar No. 630275

\*Attorney in Charge

P.O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280
jon.meador@texasattorneygeneral.gov

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

TO:   Petitioner, Scott William Hess, you are hereby notified that the undersigned attorney will bring the foregoing motion before the Court as soon as the business of the Court will permit.

s/ Jon R. Meador
JON R. MEADOR
Assistant Attorney General

#50

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SCOTT WILLIAM HESS,          §
TDCJ-CID No. 1841004,        §
            Petitioner       §
                             §
v.                           § CIVIL ACTION NO. 1:13-CV-190
                             §
WILLIAM STEPHENS,            §
Director, Texas Department of §
Criminal Justice, Correctional §
Institutions Division,       §
            Respondent.      §

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Be it remembered that on this day came to be considered Respondent's Motion for Summary Judgment with Brief in Support, and the Court after considering the pleadings of the parties filed herein is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said Motion be, and is hereby GRANTED.

SIGNED on this the _____ day of _____, 2014.

_____
PRESIDING JUDGE